NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RITA DE CASSIA COELHO ALBERNAZ,

    Petitioner,

    v.

LUIS SOTO *et al.*,

    Respondents.

No. 26cv942 (EP)

**MEMORANDUM ORDER**

    Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which she alleges that she is unlawfully detained under 8 U.S.C. § 1225. D.E. 1 ("Petition").

    On January 30, 2026, this Court conditionally granted her Petition under 28 U.S.C. § 2241 and ordered Respondents to provide Petitioner with a bond hearing, unless they contended that Petitioner's detention was distinguishable from this Court's recent decisions in *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025) (interpreting § 1225(b)(2)) or *Rivas Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025) (interpreting § 1225(b)(1)). D.E. 3 ("Order").

    On February 4, 2026, Respondents then filed a response to the Petition, in which they asserted that Petitioner's case is in fact distinguishable from *Lomeu* and *Rivas Rodriguez* because Petitioner's detention is pursuant to a reinstated removal order under 8 U.S.C. § 1231(a)(5), and therefore, her post-removal order detention is lawful and constitutional. D.E. 5 ("Answer"). Following Respondents' Answer, Petitioner filed a reply brief, D.E. 6 ("Reply"), and then filed an additional brief in support of her release, D.E. 7 ("Request for Release").

    The record shows that an immigration judge ("IJ") ordered Petitioner's removal *in absentia,* and Petitioner voluntarily departed the United States on September 9, 2009. D.E. 5-1,

Ex. A ("2026 I-213") at 2.  Petitioner unlawfully re-entered the United States near the Texas border on or about February 1, 2022.  *Id.* at 2-3.

On May 19, 2025, Petitioner filed an application for Immediate Family Member of a T1 Recipient ("T-Visa"), which is pending.  *Id.* at 3.  ICE arrested Petitioner on January 29, 2026, and determined that she is subject to removal under 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8, as a noncitizen who illegally reentered the country pursuant to a final order of removal.  D.E. 5-2, Ex. B ("I-871").  Accordingly, ICE issued an administrative warrant for Petitioner's arrest based on the reinstated order of removal.  D.E. 5-3, Ex. C ("I-205").  *See Johnson v. Guzman*, 594 U.S. 523, 526 (2021) (holding that Section 1231 governs detention of noncitizens who are subject to reinstated orders of removal).  Under Section 1231, detention under a final order of removal is mandatory for a 90-day period.  8 U.S.C. § 1231(a)(1), (2).  Furthermore, detention pursuant to a final removal order is presumptively reasonable for a six-month period without violating due process.  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Here, Petitioner received the due process required for reinstatement of a final order of removal because an immigration officer found:  (1) Petitioner was subject to a final order of removal; (2) Petitioner is the same person as the person named in the prior order; and (3) Petitioner unlawfully reentered the country.  *See* I-87.  "Remembering that a reinstatement determination can only be applied to a person who was already subject to a prior order of removal with its attendant pre- and post-order protections, there is no issue of constitutional concern."  *Ponta-Garcia v. Attorney General of U.S.*, 557 F.3d 158, 163 (3d Cir. 2009).

In her Reply, Petitioner argues that this Court's order for a bond hearing was not conditional.  Reply at 2.  Petitioner is wrong.  The order for a bond hearing was conditional on the Government's stipulation that Petitioner's case was not distinguishable from the Court's recent decisions in *Lomeu* or *Rivas Rodriguez*.  Petitioner further argues that she could not be lawfully

2

detained under § 1231(a) because her removal is not imminent due to her pending T-Visa application. *Id.* at 2-3. In addition, Petitioner contends that her detention without a bond hearing is violating her due process rights because she has no criminal history, has complied with ICE reporting requirements, and is pursuing humanitarian relief. *Id.* at 3. Petitioner also claims that her detention is unreasonable because she suffers from chronic illness that requires strict daily medication to avoid serious medical consequences, and she has a child with severe mental health issues. *Id.* at 4.

In her subsequent Request for Release, Petitioner explains that she received a bond hearing on February 6, 2026, and the IJ disclaimed jurisdiction and alternatively found Petitioner failed to meet her burden that she does not pose a flight risk, which Petitioner contends was fundamentally unfair because the IJ treated the existence of a prior order of removal as dispositive of flight risk, despite contrary evidence. Request for Release at 6-9; D.E. 7-1, Ex. A ("Bond Hearing Tr."). Petitioner also argues that her detention will inevitably become prolonged based on her T-Visa adjudication. *Id.* at 10. And, because this prolonged detention will occur while she suffers from severe illness and serves as the primary caregiver of "a U.S. citizen child at risk of psychological collapse," Petitioner suggests that her detention is unconstitutional. *Id.* at 9-10.

The Court again disagrees with Petitioner. Petitioner's pending T-Visa application does not render her final removal order detention unlawful. In fact, the regulations governing T-visa applications make clear that the filing of a T-visa application does not impact the execution of a final order of removal, and provides an avenue – 8 C.F.R. § 241.6(a) – for seeking to stay removal. *See* 8 C.F.R. 214.204(b)(2)(i) ("The filing of an Application for T Nonimmigrant Status has no effect on DHS authority or discretion to execute a final order of removal, although the applicant may request an administrative stay of removal pursuant to 8 CFR 241.6(a)."); *accord Tenelema v. Freden*, No. 25-90, 2025 WL 3514099, at *5 (W.D.N.Y. Dec. 8, 2025)).

3

Because Petitioner is detained under § 1231(a) within the 90-day statutory period for removal, she is not entitled to a bond hearing at this time. As noted above, Petitioner may be lawfully detained for a presumptively reasonable six-month period, and therefore, her detention since January 29, 2026, is not unconstitutionally prolonged. Finally, while the Court is mindful of Petitioner's medical concerns, Petitioner has not alleged that she is not receiving the daily medication she is prescribed. Request for Release at 9. Therefore, she has not alleged sufficient facts to establish that her conditions of confinement violate the Constitution. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324-25 (holding immigration detainee may bring habeas petition for release from confinement in extraordinary circumstances based on unconstitutional conditions of confinement).

Accordingly,

**IT IS**, on this **6th** day of March, 2026, for the reasons set forth above,

**ORDERED** that Petitioner's Petition, D.E. 1, is **DENIED**; and it is finally

**ORDERED** that the Clerk shall close this matter.

*[signature]*

Evelyn Padin, U.S.D.J.